## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br>**MATTHEW WILDRED ROBERTS**<br>**SHELLEY D. ROBERTS,**<br><br>**Debtors.** | **Case No. 18-20906-7-RDB** |
| **FREEBIRD COMMUNICATIONS, INC.**<br>**PROFIT SHARING PLAN,**<br>**FREEBIRD COMMUNICATIONS, INC., AND**<br>**MICHAEL SCARCELLO,**<br><br>**Plaintiffs/Appellants,**<br><br>v.<br><br>**MATTHEW WILFRED ROBERTS, AND**<br>**SHELLEY D. GARZA-ROBERTS,**<br><br>**Defendants/Appellees.** | **Adv. Proc. No. 18-6063**<br><br><br><br>**Civil No. 20-CV-2132-JAR** |

## MEMORANDUM AND ORDER

Creditors Freebird Communications, Inc. Profit Sharing Plan, Freebird Communications, Inc., and Michael Scarcello (collectively, "Appellants") appeal two orders of the bankruptcy court: (1) the order dismissing their Second Amended Adversary Complaint with prejudice; and (2) the order denying their Motion to Substitute Revised Second Amended Complaint. Debtors Matthew Roberts and Shelly Garza-Roberts (collectively, "Debtors" or "Appellees") have filed a brief in response, and Appellants replied. Having reviewed the record and the applicable law, the Court **affirms** both orders of the bankruptcy court.[1]

---

[1]After examining the briefs and record on appeal, the Court has determined that oral argument would not significantly assist in the determination of this appeal. *See* Fed. R. Bankr. P. 8019. The case is therefore determined without oral argument.

## I.      Appellate Jurisdiction

The parties have elected to have their appeal heard by this Court instead of the

Bankruptcy Appellate Panel.[2]  Appellants timely filed their appeal, and the bankruptcy court's

orders are both final within the meaning of 28 U.S.C. § 158(a)(1).[3]

## II.     Standard of Review

In reviewing a bankruptcy court's decision, this Court functions as an appellate court and

is authorized to affirm, reverse, modify, or remand the bankruptcy court's ruling.[4]  This Court

reviews the bankruptcy court's order of dismissal with prejudice pursuant to Fed. R. Civ. P.

41(b) for abuse of discretion.[5]  The Tenth Circuit has explained this review as follows:

> Employing Rule 41(b) to dismiss a case without prejudice for
> failure to comply with Rule 8 of course allows the plaintiff another
> go at trimming the verbiage; accordingly, a district court may,
> without abusing its discretion, enter such an order without attention
> to any particular procedures.  Dismissing a case with prejudice,
> however, is a significantly harsher remedy—the death penalty of
> pleading punishments—and we have held that, for a district court
> to exercise soundly its discretion in imposing such a result, it must
> first consider certain criteria.[6]

Those criteria, first set out in *Ehrenhaus v. Reynolds*[7] and referred to as the *Ehrenhaus* factors,

are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the

judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in

advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the

---

[2]28 U.S.C. § 158(c)(1).

[3]*See also* Fed. R. Bankr. P. 8001–02.

[4]28 U.S.C. § 1334(a).

[5]*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (citing *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003)).

[6]*Id.* at 1162–63 (internal citations omitted).

[7]965 F.3d 916, 921 (10th Cir. 1992).

efficacy of lesser sanctions."[8]  Denials of motions for leave to amend are also reviewed for abuse of discretion.[9]

## III.    Background and Procedural History

Appellants and Appellees have been involved in federal litigation at least since January 17, 2018.  On that date, Appellants filed suit against Appellees—along with other defendants—in federal court, alleging that Appellees were subject to civil liability for claims sounding in fraud, deception, misappropriation of trade secrets, and breach of fiduciary duties.[10]  Appellees subsequently filed for Chapter 7 Bankruptcy.

Appellants filed a seven-page adversary complaint on August 6, 2018, challenging the dischargeability of certain debts owed to them.  The Adversary Complaint incorporated a 68-page federal civil complaint by reference.  Appellees moved to dismiss the Adversary Complaint.  In response, Appellants filed a motion for leave to file an amended adversary complaint.  The bankruptcy court granted the motion for leave to amend.

Appellants filed their First Amended Adversary Complaint ("FAAC") on November 15, 2018.  The FAAC was approximately 72 pages long.  Appellees again moved to dismiss the FAAC, arguing in part that it did not comply with Fed. R. Civ. P. 8—as made applicable by Rule 7008 of the Bankruptcy Rules of Procedure—because it failed to contain a short, plain statement of Appellants' claims and because the allegations were not simple, concise, and direct.[11]

---

[8]*Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); *see also Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (quoting *Ehrenhaus*, 965 F.3d at 921).

[9]*Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001).

[10]*See Freebird Commc'ns, Inc. Profit Sharing Plan v. Roberts*, No. 2:18-cv-2026-HLT, 2019 WL 5964583 (D. Kan. Nov. 13, 2018).

[11]Doc. 3-2 at 169–70; *see also id.* at 171–77.  The Record on Appeal ("ROA") is comprised of one volume, Doc. 3-2, and consists of 461 sequentially numbered pages.  For convenience, the Court cites to those documents by "ROA" followed by page number.

Appellants filed both a response to Appellees' motion and a motion for leave to file a Proposed Second Amended Complaint ("PSAC").

The bankruptcy court dismissed the FAAC for failure to comply with Fed. R. Civ. P. 8(a)(2) and (d).[12]  The bankruptcy court also reviewed the PSAC, determined that it suffered from the same deficiencies as the FAAC, and permitted leave to amend.  In so doing, the bankruptcy court specified that Appellants' PSAC did not comport with Fed. R. Civ. P. 8, and that they needed to revise the PSAC before filing it.

Appellants then filed a Second Amended Complaint ("SAC") which was approximately 77 pages long.  It differed only slightly from the PSAC.  Appellees moved to dismiss the SAC. The bankruptcy court granted the motion to dismiss, finding the SAC did not comply with Fed. R. Civ. P. 8.  In so ruling, the bankruptcy court summarized its prior orders that identifed the problems with Appellants' various versions of the adversary complaint.  The bankruptcy court determined that the issues that plagued Appellants' adversary complaints at every stage of the proceeding continued despite the court's instructions.  The SAC was therefore dismissed with prejudice.

Appellants appealed the bankruptcy court's order dismissing the SAC to this Court.  On January 30, 2020, this Court reversed the judgment of the bankruptcy court and remanded the case for further proceedings, reasoning that the record on appeal did not indicate that the bankruptcy court had considered the *Ehrenhaus* factors prior to its order of dismissal.[13]  As such, this Court concluded it was not able to engage in a meaningful review of the bankruptcy court's decision or determine whether its decision was within the broad zone of permissible discretionary rulings vested therein.

---

[12]*Id.* at 282–87.

[13]*In re Roberts*, No. 19-cv-2204-JAR, 2020 WL 489525 (D. Kan. Jan. 30, 2020); *see also* ROA at 384.

Following remand, Appellants filed a "Motion to Substitute Revised Second Amended Complaint," requesting the bankruptcy court permit leave to file another Revised Second Amended Complaint.[14]  Appellants attached their Proposed Revised Second Amended Complaint to their motion.[15]

On remand, the bankruptcy court evaluated Appellants' motion for leave to amend and Appellees' motion to dismiss in light of the *Ehrenhaus* factors.  The bankruptcy court concluded that each of the factors "militate[d] in favor of dismissing the [SAC] with prejudice."[16]  Accordingly, on March 9, 2020, the bankruptcy court denied Appellants' motion for leave to amend and dismissed the SAC—and the adversary proceeding—with prejudice.[17]

## IV.    Discussion

There are two issues before the Court: (1) whether the bankruptcy court abused its discretion when it dismissed Appellants' SAC with prejudice for its failure to comply with Fed. R. Civ. P. 8(a); and (2) whether the bankruptcy court abused its discretion when it denied Appellants' motion for leave to file a substitute, revised second amended complaint.  The Court will address each issue in turn.

### A.    Dismissal of Appellants' SAC with Prejudice

Appellants first challenge the bankruptcy court's dismissal with prejudice of the adversary action.  The dismissal followed multiple orders from the bankruptcy court identifying problems with Appellants' adversary complaint, multiple opportunities to amend, and multiple warnings that failure to comply would result in dismissal with prejudice.  The bankruptcy court

---

[14]*Id.* at 393.

[15]*Id.* at 397–441.

[16]Doc. 1-1 at 3.

[17]ROA at 449–55.

also reviewed the *Ehrenhaus* factors, concluding: (1) Appellees were prejudiced by Appellants' prolix filings that unfairly deprived Appellees the means to construct a response; (2) Appellants' non-compliance adversely impacted the judicial process; (3) Appellants were culpable in the delays; (4) Appellants had been warned on multiple occasions that dismissal would be the consequence for continued violations of Fed. R. Civ. P. 8; and (5) any lesser sanctions would not cure the prejudice to Appellees, as demonstrated by the history of the adversary proceeding.[18]

This Court reviews the bankruptcy court's decision for abuse of discretion.[19]  "It is within a court's discretion to dismiss a case if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."[20]  Appellants argue that the SAC gave Appellees fair and reasonable notice of the claims against them, and that the bankruptcy court abused its discretion in dismissing the adversary proceeding.  But in dismissing the adversary proceeding, the bankruptcy court appropriately invoked and applied the *Ehrenhaus* factors, and thoughtfully considered each.  This Court recognizes dismissal with prejudice is a harsh sanction; however, having reviewed the record on appeal and the bankruptcy court's order, this Court cannot conclude such dismissal constitutes an abuse of discretion.

### B.   Denial of Appellants' Motion for Leave to File Substitute, Revised Second Amended Complaint

Appellants also challenge the bankruptcy court's order denying their motion for leave to file a substitute, revised second amended complaint.  Appellants argue that the bankruptcy court abused its discretion in denying the motion for leave to amend, which they argue demonstrated the good faith of Appellants' counsel in attempting to meet the Fed. R. Civ. P. 8 issues identified

---

[18] *Id.* at 451–53.

[19] *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002).

[20] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

in the bankruptcy court's prior orders.  The bankruptcy court incorporated its reasons for dismissing the SAC, set forth above, into its order denying the motion for leave to amend.[21]

The bankruptcy court's denial of the motion for leave to amend is likewise reviewed for abuse of discretion, and is considered in light of the following circumstances: (1) Appellants have been permitted to amend their adversary complaint multiple times; (2) notwithstanding the opportunities to amend, Appellants have failed to comport with both the bankruptcy court's instructions and the Federal Rules of Civil Procedure; and (3) Appellants' failures have caused undue delay.[22]  Under these circumstances, this Court cannot conclude that the bankruptcy court's decision to deny leave to amend was an abuse of discretion.

**IT IS THEREFORE ORDERED BY THE COURT** that the bankruptcy court's Order Granting Motion to Dismiss Second Amended Complaint is **AFFIRMED.**

**IT IS FURTHER ORDERED BY THE COURT** that the bankruptcy court's Order Denying Appellants' Motion for Leave to File a Substitute, Revised Second Amended Complaint is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: September 2, 2020

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[21]ROA at 455–56.

[22]*See id.* at 453–54.